**SUN CHEMICAL CORPORATION,
Plaintiff–Counter–Defendant–
Appellee,**

v.

**EXCELSIOR PACKAGING GROUP,
INC., and Excelsior Packaging West,
LLC, Defendants–Counter–Claim-
ants–Appellants.***

No. 05–1181.

United States Court of Appeals,
Second Circuit.

Oct. 3, 2005.

---

* While it is not clear whether appellants sought leave to file an untimely counterclaim below, the district court noted in its order granting summary judgment to appellee that appellants had not timely filed a counterclaim. Assuming that the district court denied leave, we note that appellants have not challenged that denial on appeal.

Michael B. Schulman, Law Offices of Michael B. Schulman, Melville, NY, for Appellants.

S. Alyssa Young (Frederick D. Berkon, on the brief), Leader & Berkon LLP, New York, NY, for Appellee.

Present: STRAUB, SOTOMAYOR, Circuit Judges, and DANIELS, District Judge.[1]

1. The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Defendants-appellants Excelsior Packaging Group, Inc. and Excelsior Packaging West, LLC ("Excelsior") appeal from a judgment of the district court, entered February 15, 2005, granting summary judgment, an order of replevin, damages, and attorneys' fees to Sun Chemical Corp. ("Sun"). We assume the parties' familiarity with the facts and procedural history of the case.

Sun and Excelsior entered into an agreement executed on May 30, 2003 (the "Agreement"). Under the Agreement, Sun was to provide Excelsior ink, printing equipment, and personnel, as well as to perform certain equipment upgrades. Excelsior obligated itself to make certain payments. When Excelsior defaulted on its payment obligations, Sun filed suit for breach of contract, replevin, and unjust enrichment.

### I.

█ Excelsior argues that the district court erred in granting summary judgment to Sun because a genuine issue of material fact exists as to whether Sun performed its obligations under the Agreement. The district court ruled that Sun, despite an internal Sun e-mail discussing Excelsior's complaints about its performance, materially performed its obligations under the Agreement. Where Excelsior never invoked the notice of default and cure provisions of the Agreement, Sun provided ink to Excelsior, and the contract set no time frame for Sun to complete upgrades for which it had gotten price quotes, the district court did not err in finding that Sun substantially complied with the terms of the Agreement.

Excelsior next claims that the district court erred by granting summary judgment to Sun on its breach of contract claim relating to a $200,000 business incentive payment. For substantially the reasons stated by the district court, Excelsior's unsubstantiated, conclusory assertion that an undisputed $200,000 credit from Sun to Excelsior related to a different, verbal agreement does not controvert the evidence adduced by Sun that its credit was the business incentive payment and does not give rise to a genuine issue of material fact.

■■■ Excelsior further argues that the district court erred in granting summary judgment to Sun on its replevin claim. We find no error in the district court's ruling that Sun is entitled to the equipment, given, under the Agreement, that ownership would have vested in Excelsior only upon completion of the contract. We similarly find no error in the district court's reliance, at the inquest, on the UCC financing statement under Excelsior's former name, or in the district court's award to Sun of a computer not included in the UCC financing statement where Sun adduced evidence that it purchased the computer as part of an upgrade.

## II.

■■■ Excelsior also argues that the district court erred in awarding money damages to Sun after an inquest. The district court's award of damages based on Sun's invoices, prepared in accordance with the Agreement on the basis of materials provided on consignment to and actually used by Excelsior, has ample support in the record. The district court's award pertaining to the unamortized portion of the business incentive payment likewise has support in the record. *Krizek v. Cigna Group Ins.*, 345 F.3d 91, 100 (2d Cir.2003) (stating that "deferential clear error re-

view of a district court's factual findings does not entitle us to second guess a district court's choice between permissible inferences to be drawn from the evidence.").

## III.

■■■ Excelsior further challenges a number of the district court's rulings on the admissibility of evidence at the inquest. We find no abuse of discretion in the district court's admission of the UCC financing statement or consignment inventory reports corroborating Sun's invoices, neither of which had been produced to Excelsior during discovery. *See Silverstein v. Chase*, 260 F.3d 142, 145 (2d Cir. 2001) (setting forth standard of review for evidentiary rulings as abuse of discretion). These documents merely corroborated other testimony and documentary evidence before the district court.

■■■ We similarly find no abuse of discretion in the district court's direction that Sun call a "surprise" witness during the inquest, given that the district court adjourned the proceedings, permitting Excelsior to review the testimony and documentary evidence admitted through the witness before cross-examining him.

## IV.

Excelsior argues that the district court also erred by awarding attorneys' fees to Sun because the affidavit of attorney Frederick D. Berkon was not received in evidence and, as a result, there was no evidence of attorney time records. We find no abuse of discretion in the district court's award, given that Berkon's affidavit was part of the inquest and Excelsior had an opportunity to cross-examine him on the substance of his affidavit. *605 Park Garage Assocs., LLC v. 605 Apartment Corp.*, 412 F.3d 304, 306 (2d Cir.2005) (identifying the standard of review for an

award of attorneys' fees to be abuse of discretion). As for Excelsior's claim that the evidence concerning attorneys' fees was too vague, making impossible determination of the reasonableness of the time spent on case-related tasks, we find that the time descriptions were sufficiently specific and that there was no abuse of discretion in the district court's acceptance of the time entries.

## V.

For the reasons set forth above, the judgment of the district court is AFFIRMED.